UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LINDA SKYE W.,<br><br>　　　　Petitioner,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Respondent. | Case No. 4:20-cv-00382-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

In the fall of 2017, Petitioner Linda Skye W. ("Petitioner") filed an application for social security disability income ("SSDI") and supplemental security income ("SSI"), alleging a disability onset date of April 7, 2017. Petitioner, a woman in her fifties, has a history of autoimmune disorders, including ankylosing spondylitis,[1] Crohn's disease, and primary sclerosis cholangitis. After her claim was initially denied, Petitioner requested a hearing in front of an Administrative Law Judge David Willis (the "ALJ"). The ALJ found that although Petitioner had "severe impairments," she was not disabled and was still capable of returning to her former work as a mortgage loan processor and mortgage loan underwriter. Petitioner appealed the ALJ's decision to the Appeals Council, which denied her request to review. This made the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner").

---

[1] Anklyosing spondylitis is a type of arthritis that causes inflammation, pain, stiffness, and reduced flexibility in the spine. Dkt. 29, at 6 (citation omitted).

MEMORANDUM DECISION AND ORDER - 1

With her administrative remedies exhausted, Petitioner sought this Court's review of the ALJ's decision. The Clerk of the Court randomly assigned the case to United States Magistrate Judge Raymond E. Patricco. On December 7, 2021, Judge Patricco issued a Report and Recommendation (the "Report") in this matter recommending that: (1) the decision of the Commissioner be affirmed; (2) the Petition for Review be denied; and (3) this action be dismissed in its entirety, with prejudice. Dkt. 29, at 22. Pursuant to statute, Judge Patricco gave the parties fourteen days to file written objections to the Report. *Id.*; *see* 28 U.S.C. § 636(b)(1). Petitioner filed an Objection (Dkt. 30), and the Commissioner filed a Response to Objection (Dkt. 33). The matter is now ripe for the Court's review.

For the reasons stated below, the Court accepts and adopts the Report in its entirety. The Court adds a few words by way of explanation of the Report to address Petitioner's Objection.

### III. LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where, as here, the parties object to a report and recommendation, this Court "shall make a *de novo* determination of those portions of the report which objection is made." *Id.*

For the Court to uphold the Commissioner's decision, it must be both supported by substantial evidence and based on proper legal standards. 42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Findings as to any question of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g). In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld,

even when there is conflicting evidence. *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The standard requires more than a scintilla but less than a preponderance. *Trevizo*, 871 F.3d at 674. It "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). With respect to questions of fact, the Court is to review the record as a whole to decide whether it contains evidence that would allow a person of a reasonable mind to accept the conclusions of the ALJ. *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051.

Put differently, the Court's role in this instant case is not to decide whether the ALJ was correct. The Court's only role is to determine whether the ALJ's decision was reasonable and supported by substantial evidence. Only if the ALJ was unreasonable can the Court strike down the decision made by the Commissioner.

## IV. DISCUSSION

In her Objection, Petitioner raises two points of error: (1) that the ALJ erred when he rejected the opinions of her treating physician, Dr. Scoville, in favor of the agency experts' opinions about how Petitioner's ankylosing spondylitis and Crohn's disease impact her physical and mental functioning; and (2) that the ALJ improperly adopted a residual functional capacity ("RFC") that included limitations the ALJ purportedly "made

up out of whole cloth."[2] Dkt. 30, at 1, 6.

Dr. Scoville had claimed that Petitioner's ankylosing spondylitis and Crohn's disease would limit her to sitting, standing, and walking only occasionally; allow her to use her hands for fine manipulation only occasionally and for gross manipulation infrequently; and cause her to need to lie down for 15 minutes every one to two hours. In addition, Dr. Scoville indicated that Petitioner would be off task 40% of a normal workday due to pain, and could be expected to miss more than five days a work per month due to her medical conditions. Dkt. 29, at 8–9.

By contrast, the Agency's experts concluded that Petitioner's "ankylosing spondylitis did not prevent her from a range of light work, including her former work in the mortgage compliance industry." *Id.* After weighing the evidence, Judge Patricco concluded that the ALJ did not err in rejecting Dr. Scoville's opinions. After a *de novo* review, the Court agrees and adopts the Report in its entirety.

First, many of the points Petitioner raises in her Objection (Dkt. 30) were argued in both her Memorandum of Law in Support of a Social Security Appeal (Dkt. 22) and her Reply Brief. Dkt. 27. For example, Petitioner argues in her Objection that "in assessing the claimant's RFC, an ALJ may not pick and choose evidence unfavorable to the claimant while ignoring evidence favorable to the claimant." Dkt. 30, at 2. This line also appeared in Petitioner's Memorandum. Dkt. 22, at 15. Similarly, Petitioner argues in her Objection that "[t]he ALJ's RFC determination was made up out of whole cloth." Dkt. 30, at 6. This

---

[2] An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

argument also appeared in her Memorandum. Dkt. 22, at 9–17. These arguments have been adequately addressed by Judge Patricco and do not merit any further explanation from the Court. *See* Dkt. 29, at 19–21.

With respect to arguments that did not come from her previous filings, Petitioner raises several points in her Objection that all came down to one central theme—that the ALJ did not offer enough explanation to support his decision. Dkt. 30, at 2. Petitioner argues that the ALJ "provided no explanation for his limitation that Plaintiff would be off task only for 10 percent of the day and up to 1 absence per month 'for health related issues.'" Dkt. 30, at 6. This argument is without merit. The ALJ spent more than three pages thoroughly weighing the evidence and explaining his conclusion with respect to Petitioner's ability to work. Dkt. 17-2, 19–23. The most dispositive fact was that Petitioner consistently rated her pain as a one to two on a scale of ten. As Judge Patricco wrote:

> Taken as a whole, Dr. Scoville's records and Petitioner's testimony clearly indicate that Petitioner's primary source of impairment is chronic pain and stiffness, primarily in her back and neck. AR 38, 1210-1212. In assessing the persuasiveness of Dr. Scoville's opinions, therefore, the ALJ reasonably considered Petitioner's pain ratings. Critically, these pain ratings indicate that Petitioner's pain was, at its highest, a 3.5/10. AR 1210. But this was only one visit. As the representative visit selected by the ALJ shows, Petitioner's pain was generally even lower. During the period of alleged disability, Petitioner most often rated her pain somewhere between one and two out of ten. AR 345, 342, 1146, 1205, 1202, 1199.

Dkt. 29, at 15.

Petitioner's self-reported pain ratings strongly support the ALJ's decision to rely on the agency experts' opinion instead of Dr. Scoville's opinion regarding Petitioner's limitation for how long she would be off-task due to pain. Because Petitioner's low pain

MEMORANDUM DECISION AND ORDER - 5

ratings and self-proclaimed engagement in personal activities (gardening, 4-wheeling, driving, horseback riding, cooking, cleaning, reading, and using a computer) were inconsistent with Dr. Scoville's opinion that she would be off task 40% of the time due to pain, it was reasonable for the ALJ to conclude that Dr. Scoville's estimate was inaccurate.

In sum, Petitioner has not shown that the ALJ's opinion was unreasonable. The Court's role here is *only* to decide whether the ALJ's opinion was supported by substantial evidence and based on the applicable legal standards. The Court finds the ALJ provided legitimate reasons supported by substantial evidence for crediting the opinions of agency doctors over Dr. Scoville. In so holding, the Court is mindful that its decision will require Petitioner to find new employment that is accommodating to her back pain. The Court appreciates, and is sympathetic to, the trouble Petitioner will have doing so. Yet, the law gives the Court no other choice than to AFFIRM the decision of the Commissioner, DENY the Petition for Review (Dkt. 1), and DISMISS this action in its entirety, with prejudice.

## V. ORDER

NOW, therefore, **IT IS HEREBY ORDERED**:

1. The Report and Recommendation (Dkt. 29) is **AFFIRMED** in its entirety;

2. The Court DENIES the Petition for Review (Dkt. 1), and DISMISSES Petitioner's claims, with prejudice.

DATED: March 16, 2022

David C. Nye
Chief U.S. District Court Judge